**In the Matter of Jonathan S. GOTKIN, Petitioner.**

No. 49S00–0307–DI–291.

Supreme Court of Indiana.

Nov. 14, 2007.

*ORDER GRANTING CONDITIONAL REINSTATEMENT*

On May 17, 2005, this Court suspended Petitioner from the practice of law for six months, beginning July 1, 2005, without automatic reinstatement. Petitioner filed a petition for reinstatement on May 1, 2006. On September 14, 2007, the Indiana Supreme Court Disciplinary Commission, pursuant to Indiana Admission and Discipline Rule 23(18)(b), filed its recommendation that Petitioner be reinstated to the practice of law in this State subject to a two-year probationary period on terms described below. Neither party filed a petition for review.

A petition for reinstatement may be granted only if the petitioner proves to the Commission by clear and convincing evidence that:

(1) The petitioner desires in good faith to obtain restoration of his [or her] privilege to practice law;

(2) The petitioner has not practiced law in this State or attempted to do so since he or she was disciplined;

(3) The petitioner has complied fully with the terms of the order for discipline;

(4) The petitioner's attitude towards the misconduct for which he or she was disciplined is one of genuine remorse;

(5) The petitioner's conduct since the discipline was imposed has been exemplary and above reproach;

(6) The petitioner has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself or herself in conformity with such standards;

(7) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts;

(8) The disability has been removed, if the discipline was imposed by reason of physical or mental illness or infirmity, or for use of or addiction to intoxicants or drugs;

(9) The petitioner has taken the Multistate Professional Responsibility Examination (MPRE) within six (6) months before or after the date the petition for reinstatement is filed and passed with a scaled score of eighty (80).

Admis. Disc. R. 23(4)(b).

This Court, being duly advised, finds that the recommendation of the Commission should be accepted. The Court therefore GRANTS the petition for reinstatement and CONDITIONALLY REINSTATES Petitioner as a member of the bar of this State subject to a two-year probationary period on the following terms.

a. Petitioner shall maintain his trust account consistent with the practices and procedures set forth in the document entitled "Trust Account Management: Handling Client and Third–Party Funds," available online at http://www.in.gov/judiciary/discipline/docs/trust-guide.pdf.

b. For a period of one year from the date of this Order, Petitioner shall provide a monthly accounting, prepared and signed by Charlene Beaver, or another CPA approved in advance by the Disciplinary Commission regarding his trust account. In year two of his probationary period, Petitioner shall provide quarterly reports to be submitted no later than 30 days after the end of each quarter, prepared and signed by Charlene Beaver, or another CPA approved in advance by the Disciplinary Commission, regarding his trust account.

c. The CPA reports mentioned above shall meet the following criteria:

1. The original of each report shall be provided to the Indiana Supreme Court Disciplinary Commission, 115 West Washington, Suite 1165 South Tower, Indianapolis, Indiana, 46204. Copies shall be provided to Petitioner and attorney Kevin McGoff, 2700 Market Tower, 10 West Market Street, Indianapolis, Indiana, 46204.

2. The reports are due on or before the 15th day of each month following the date of this Order during the first year of probation and are to be submitted no later than thirty days after the end of each quarter during the second year of Petitioner's term of probation.

3. The reports shall evaluate Petitioner's trust account management practice and procedures against the standards for trust account management set forth in the document entitled "Trust Account Management: Handling Client and Third Party Funds" available online at http://www.in.gov/judiciary/discipline/docs/trust-guide.pdf

4. The CPA agrees to report any negative information about Petitioner's handling of funds to the Disciplin-ary Commission during Petitioner's period of probation.

d. If Petitioner materially violates the terms and conditions of probation, the Disciplinary Commission will move to revoke his probation under Admis. Disc. R. 23(17.2). In the event his probation is revoked, Petitioner's law license shall be suspended for a period of time as the Supreme Court orders.

e. Petitioner shall endeavor to locate and if successful in doing so will refund the money to those clients with funds remaining in his trust account and make a final report to the Disciplinary Commission within ninety days of this Order.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to Petitioner or Petitioner's attorney, to the Indiana Supreme Court Disciplinary Commission, and to all other entities entitled to notice of actions related to suspensions under Admission and Discipline Rule 23(3)(d).

All Justices concur.